O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA BARBARA POLO CLUB and SB MEMBERS, LLC,<br><br>Petitioners,<br><br>v.<br><br>LIFESTYLE LICENSING B.V. and LIFESTYLE EQUITIES C.V.,<br><br>Respondents. | Case No. 2:21-cv-7989-CAS (AFMx)<br><br>**ORDER GRANTING SANTA BARBARA POLO CLUB AND SB MEMBERS, LLC'S MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT; JUDGMENT**<br>[9 U.S.C. § 1 *et seq.*]<br><br>Judge:   Hon. Christina A. Snyder<br>Action Filed: October 6, 2021 |

**ORDER TO CONFIRM ARBITRATION AWARD**

The Motion to Confirm Arbitration Award and for Entry of Judgment filed by Petitioners Santa Barbara Polo Club and SB Members, LLC (collectively, "Petitioners" or "SBPC"), having come on for hearing before the Honorable Christina A. Snyder, Judge of the United States District Court, Central District of California, on this 19th day of August, 2024; and SBPC having moved the Court to confirm the final arbitration award issued on April 29, 2024 (the "Final Award") (AAA Case Number 01-21-0002-0367), adjudicating certain claims between SBPC and Respondents

///

Lifestyle Licensing B.V. and Lifestyle Equities C.V. (collectively, "Respondents" or "Lifestyle"); and

The Court having carefully reviewed and considered SBPC's Notice of Motion and Motion to Confirm Arbitration Award and for Entry of Judgment, the papers supporting and opposing said Motion, including declarations and exhibits, the Final Award, and all papers and evidence on file in this matter, and good cause appearing therefor, the Court finds as follows, pursuant to 9 U.S.C. § 9:

The Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on the diverse citizenship of the parties, and jurisdiction and authority to enter judgment under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ("FAA").

The parties are subject to personal jurisdiction in this Court. The Court has personal jurisdiction over Petitioners, because they are California entities. The Court may exercise personal jurisdiction over Respondents based on the Ninth Circuit's three-part test. First, Respondents purposefully availed themselves of the privilege of conducting business in California by requesting Petitioners' assistance under the 1997 Agreement, relying on and benefitting from the Agreement after its assignment to them, and having continuing obligations to Petitioners under the Agreement. *See Mag Instrument Inc. v. Vinsy Tech. Ltd.*, No. ED-CV-13359-ABC-OPX, 2014 WL 12567835, at *3 (C.D. Cal. June 25, 2014) ("[T]he assignee assumes the rights and obligations of the assignor, including those that flow from the terms of any existing agreements burdening the trademark."); *see also Quest Nutrition, LLC v. Nutrition Excellence, Inc.*, No. 2:18-CV-06976-ODWE, 2019 WL 1789880, at *4 (C.D. Cal. Apr. 23, 2019) ("While the formation of a contract with a nonresident defendant *alone* is insufficient to establish minimum contacts, purposeful availment occurs when such an agreement creates continuing relationships and obligations.") (emphasis in original). Second, the arbitration was directed to the parties' rights and obligations under the 1997 Agreement and thus arose out of Respondents' relationship with California entities and obligations under a California contract. Third, it would be

reasonable for the Court to exercise personal jurisdiction over Respondents, particularly because Respondents already spent two years participating in arbitration in California.

SBPC timely moved to confirm the award within one year of the arbitrator's award.

Gary L. Benton (C.Arb) properly issued the Final Award on April 29, 2024, and the Final Award meets all requirements of both the FAA and California law. However, the Court exercises its power to "modify[] or correct[] the award" on the basis that the "award is imperfect in matter of form not affecting the merits of the controversy," 9 U.S.C. § 11, and excludes expert costs from SBPC's recovery.

Therefore, the Court orders that the Final Award of Gary L. Benton (C.Arb) issued on April 29, 2024, AAA ICDR Case No. 01-21-0002-0367, is confirmed in all respects except for SBPC's award of expert costs and that Judgment be entered in conformity therewith.

## JUDGMENT

The arbitration award of Gary L. Benton (C.Arb) of AAA issued on April 29, 2024, AAA Case Number 01-21-0002-0367, known as the "Final Award," is confirmed in all respects except for SBPC's award of expert costs that it incurred during the arbitration.

Based on the Final Award, the Court's Order dated August 20, 2024, the parties' arguments, and all paper and evidence on file in this matter, and for good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

The Final Award, except for SBPC's award of expert costs incurred during the arbitration, shall be, and is, the Judgment of this Court.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

Petitioners Santa Barbara Polo Club's and SB Members LLC's (collectively, "SBPC's") claim for declaratory relief is granted. It is declared that the 1997

Agreement between BHPC Marketing, Inc. and Santa Barbara Polo & Racquet Club is a valid and binding co-existence agreement and Respondents Lifestyle Equities C.V. and Lifestyle Licensing B.V.'s (collectively, "Lifestyle") are bound to the 1997 Agreement. Accordingly, Lifestyle has consented under the terms of the 1997 Agreement to SBPC's use of the SBPC brand name and the SBPC marks designated in the Agreement worldwide without disruption. Lifestyle is prohibited from interfering with SBPC's use of the SPBC marks in accordance with the Agreement or otherwise claiming that the SBPC marks are invalid. This right remains subject to SBPC reasonably addressing any proper notices of third-party confusion in accordance with the terms of the 1997 Agreement. It is further declared that the 1997 Agreement does not violate the laws or public policy of the United States, England, or India and is enforceable worldwide.

IT IS FURTHER ORDERED, ADJUDICATED, AND DECREED:

Petitioners Santa Barbara Polo Club and SB Members, LLC shall have and recover a money judgment to and against Respondents Lifestyle Licensing B.V. and Lifestyle Equities C.V., as jointly and severally liable, for the following amounts:

1. Attorneys' fees in the amount of **$1,114,047.15** plus costs and interest as set forth below.
2. Reimbursement of Lifestyle's portion (90%) of the administrative fees and expenses of the arbitration and the compensation of the Arbitrator in the amount of **$64,348.00.**
3. Pre-judgment interest at 10% per annum in the amount of $34,489.68 as of August 20, 2024.
4. Pre-judgment interest at 10% per annum on the total of the amounts (1)–(3) from the time period between August 20, 2024 and the entry of this Judgment, October 25, 2024, totaling **$21,931.62.**

///

///

5. Post-judgment interest on the total of the amounts (1)–(4) from the date of entry of this Judgment until full and final payment will continue to accrue as set forth in 28 U.S.C. § 1961.

6. SBPC is awarded its attorneys' fees and costs incurred in seeking confirmation of the Final Award and entry of judgment, pursuant to paragraph 7 of the 1997 Agreement, with post-judgment interest at 10% per annum to accrue thereon. SBPC shall file a motion regarding the fees and costs it is seeking for confirmation of the Final Award.

**IT IS SO ORDERED.**

Dated: October 25, 2024

*Christina A. Snyder*

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA